IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FUN CHARTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 14-0263-WS-M |
| | ) | |
| The Vessel SHADY LADY, | ) | |
| Official No. 681969, her engines, etc., | ) | |
| *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |

**DECREE ORDERING SALE OF VESSEL**

This matter comes before the Court on plaintiff's Motion for Sale of Vessel (doc. 17). On August 22, 2014, the undersigned entered an Order (doc. 18) providing that anyone wishing to be heard in response to said Motion must file a response on or before September 2, 2014. That deadline has now expired, and neither the vessel owner nor any claimant has come forward at any time to oppose the Motion for Sale. Accordingly, the Motion is now ripe.

On June 10, 2014, this Court entered an Order for Issuance of Warrant for Arrest of Vessel (doc. 5), directing issuance of a warrant for arrest of the Vessel SHADY LADY, U.S. Official No. 681969, her masts, boilers, cables, engines, machinery, electronics, bowsprits, sails, rigging, outriggers, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom (collectively, the "Vessel"). The Clerk of Court promptly issued a Warrant for Arrest *in Rem* (doc. 7), after which the U.S. Marshal arrested the Vessel and placed it in possession of the substitute custodian, Sportsman Marine, LLC, on June 12, 2014. (*See* doc. 11.) Actual notice of this action has been given to the Vessel's owner and all lien claimants who have filed notices of lien with the U.S. Coast Guard, and public notice of this action was published in *The Press-Register*. (*See* doc. 16, ¶¶ 3-4.) The court-ordered deadlines for all of these persons and

entities to file a verified statement of claim pursuant to Supplemental Rule C(6)(a) have long since expired, yet none have come forward and no statements of claim have been filed.

Furthermore, Fun Charters has made an adequate showing that the Vessel is properly subject to interlocutory sale pursuant to Rule E(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. In particular, plaintiff has submitted evidence that the Vessel is liable to deterioration, decay or injury by being detained in custody pending this action; that the expense of keeping the Vessel under arrest is disproportionate to the Vessel's value; and/or that the Vessel's owner has delayed unreasonably in attempting to secure release of the Vessel from its present arrest. (*See* Fitzsimmons Aff. (doc. 17, Exh. A.), ¶¶ 3-5.) The Vessel is presently in possession of Sportsman Marine, LLC, the duly appointed substitute custodian, and is within the jurisdiction of this Court.

On that basis, and in the absence of any response or objection from the Vessel's owner (despite actual notice of the Motion) or anyone else, the Motion for Sale of Vessel (doc. 17) is **granted**, pursuant to Supplemental Rule E(9). Therefore, it is now **ORDERED** that:

1. The defendant Vessel SHADY LADY (Official No. 681969), her masts, boilers, cables, engines, machinery, electronics, bowsprits, sails, rigging, outriggers, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom,[1] shall be sold at public auction by the United States Marshal, on the notice as below further described, to protect all interested parties in accordance with Supplemental Rule E(9)(a)(i);

---

[1] The tackle and appurtenances comprising the Vessel shall include, without limitation, (A) one Pompanette fighting chair, two Penn International model 130 bill-fishing reels with matching rods, and two Penn International model 80 bill-fishing rods and reels that were removed from the Vessel shortly before its arrest in June 2014; (B) spare gaskets, filters and other parts for the Vessel's Cummins model QSM 11 main engines and Cummins model 4B generator and other equipment comprising Vessel kept in storage unit E180 at U STOR-IT, 24250 Canal Road, Orange Beach, Alabama; and (C) (i) Federal Fisheries Permit Number CHG-426 Gulf of Mexico Charter/Headboat for Coastal Migratory Pelagics issued April 29, 2014 for the Vessel; (ii) Federal Fisheries Permit Number RCG-414 Gulf of Mexico Charter/Headboat for Reef Fish issued April 29, 2014 for the Vessel; and (iii) Federal Fisheries Permit Number RR-483 Gulf of Mexico Charter/Headboat Commercial issued April 29, 2013 for the Vessel and apparently expired on April 30, 2014.

2. The Clerk of Court shall issue a Writ of *Venditioni Exponas* to the United States Marshal for the public sale of the Vessel on the front steps of the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama, such sale to occur on **October 22, 2014** at **12:00 noon**, local time. Pursuant to that Writ of *Venditioni Exponas*, the Marshal shall publish a Notice of Sale of the Vessel, such Notice to appear in *The Press-Register*, a newspaper of general circulation published in the territorial jurisdiction of this Court, three times per week for two consecutive weeks, with the following dates of publication: **September 28, October 1, 3, 5, 8, 10, 2014**. Said Notice shall be substantially in the form of the Proposed Notice filed by plaintiff and found at document 21. Pursuant to Local Admiralty Rule 6(e), all claims in intervention against the Vessel or the proceeds of the sale must be filed on or before **November 21, 2014;**

3. All charges incurred by the United States Marshal for the advertisement of the sale of the Vessel shall be Marshal's expenses of sale and administrative costs herein;

4. Plaintiff is authorized, but not required, to supplement the Marshal's sale advertisements by placing its own advertisements in such newspapers and publications as it deems fit, which costs may be taxed as costs and reimbursed out of the proceeds of the sale to the extent such costs are found to be reasonable under the circumstances;

5. The Marshal shall conduct the sale of the Vessel in the following manner:
    (a) The sale shall be to the highest and best bidder;
    (b) All prospective bidders for the Vessel shall be required to register with the U.S. Marshal before the sale of the Vessel;
    (c) All prospective bidders other than the Mortgagee shall be obligated to establish financial responsibility prior to the sale by displaying to the U.S. Marshal the check required pursuant to subparagraph (e), *infra*;
    (d) All prospective bidders shall be informed at the beginning of the sale that only valid bids may be made;
    (e) Subject to the provisions of subparagraph (f), *infra*, the highest and best bidder at the sale shall be required to deliver to the Marshal at the time of said sale, by cash, cashier's check, or certified check, a deposit in the sum of 10% of the successful bid, the balance to be paid to the U.S. Marshal within five (5) banking days thereafter, also by cash, cashier's check or

        certified check, failing which the initial deposit shall be forfeited and treated as additional proceeds of the sale; and

(f)     Plaintiff be and hereby is authorized to credit bid at the sale of the Vessel up to the amount claimed to be due on indebtedness secured by the loan documents and the First Preferred Ship Mortgage, without being required to deliver cash or any earnest money to the Marshal, said bid being deemed paid in full, for purposes of confirmation of the sale, on the date said bid was made. As of August 20, 2014, the amount of indebtedness secured by the First Preferred Ship Mortgage (and thus, the maximum amount of the authorized credit bid herein) totaled $184,631.50, with interest accruing after August 20, 2014 at the rate of $21.23 per diem.

DONE and ORDERED this 16th day of September, 2014.

                        s/ WILLIAM H. STEELE
                        CHIEF UNITED STATES DISTRICT JUDGE