# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| FUN CHARTERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0263-WS-M |
| | ) |
| The Vessel SHADY LADY, | ) |
| Official No. 681969, her engines, etc., | ) |
| *in rem*, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default and Default Judgment (doc. 30) against the *in rem* defendant, The Vessel SHADY LADY, Official No. 681969 (the "Vessel"). Plaintiff requests that this Court enter an order that both declares the Vessel to be in default and imposes a default judgment against such Vessel in the amount of $188,954.48. No certificate of service accompanied the Motion, and it appears that no notice of this Motion or the proposed default and default judgment remedies has been given to anyone.

On June 10, 2014, this Court entered an Order (doc. 5) directing issuance of a warrant for arrest of the Vessel. The Clerk of Court promptly issued a Warrant for Arrest *in Rem* (doc. 7), after which the U.S. Marshals Service arrested the Vessel and placed it in the possession of a substitute custodian. (*See* doc. 11.) Actual notice of this action was given to the Vessel's owner and all lien claimants who have filed notices of lien with the U.S. Coast Guard, and public notice of this action was published in *The Press-Register*. (*See* doc. 16, ¶¶ 3-4.) Court-ordered deadlines for all such persons and entities to file verified statements of claim pursuant to Supplemental Rule C(6)(a) have long since expired, yet none came forward and no statements of claim were filed.

On September 16, 2014, the undersigned entered a Decree Ordering Sale of Vessel (doc. 24), which directed that the Vessel be sold by the U.S. Marshals Service via public auction on the front steps of the courthouse at noon on October 22, 2014. The Decree made appropriate

arrangements for publication of notice of sale, and provided that all claims in intervention against the Vessel or the proceeds of the sale must be filed on or before November 21, 2014. On October 29, 2014, the U.S. Marshals Service caused to be filed a Bill of Sale reflecting that the Vessel was sold to sole bidder Fun Charters, Inc. for the amount of $70,000 (which was submitted via credit bid). (*See* doc. 28.) No claimant has come forward in intervention within the designated time, and the court-ordered period for doing so has now expired.

The foregoing circumstances, as documented above and in the court file, plainly satisfy the criteria for a Clerk's Entry of Default against the Vessel pursuant to Rule 55(a), Fed.R.Civ.P.

That said, there is a significant technical infirmity in plaintiff's filing. In particular, plaintiff improperly conflates and combines the distinct procedures of a clerk's entry of default and a court's entry of default judgment. The law is clear that these are separate steps that should not be combined into one. *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment."). "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Gottschalk v. City and County of San Francisco*, 964 F. Supp.2d 1147, 1165 (N.D. Cal. 2013) ("entry of default judgment is a two-step process; default judgment may be entered only upon the entry of default by the Clerk of the Court") (citation omitted); *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."). The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment.[1] Plaintiff has attempted to merge these two distinct steps into one by requesting both forms of relief contemporaneously.

---

[1] *See, e.g., Whitesell Int'l Corp. v. Smith Jones, Inc.*, 827 F. Supp.2d 964, 967 (S.D. Iowa 2011) ("After default has been entered, a plaintiff can move for a default judgment …"); *Christenson Media Group, Inc.*, 782 F. Supp.2d 1213, 1223 (D. Kan. 2011) ("By moving for default judgment first, plaintiff is trying to skip step one and jump to step two. A plaintiff may not seek default judgment before it has applied for entry of default."); *Virgin Records America,* (Continued)

Under the circumstances, it is ordered that the Motion for Default and Default Judgment (doc. 30) is **granted in part**, and **denied in part**. Plaintiff's request for entry of default is **granted**, and the Clerk of Court is **directed** to enter a default against the Vessel pursuant to Rule 55(a), Fed.R.Civ.P. However, plaintiff's request for entry of default judgment is **denied** as premature. The Clerk of Court is directed to mail a copy of this Order to Adrenaline Charters, LLC, c/o Edward Sims, 5405 Ornacor Avenue, Orange Beach, AL 36561, to provide it with notice of the pending default proceedings. If no motion to set aside the default is filed on or before **January 2, 2015**, plaintiff may renew its Motion for Default Judgment, supported by exhibits and authorities, as appropriate.

DONE and ORDERED this 19th day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

*Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n. 2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8–9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment); *Lewis v. Parker*, 2014 WL 3735244, *2 (E.D. Mich. June 24, 2014) ("In this case, the Clerk has not entered [a] default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).").