IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FUN CHARTERS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION 14-0263-WS-M |
| | ) |
| The Vessel SHADY LADY, | ) |
| Official No. 681969, her engines, etc., | ) |
| *in rem*, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (doc. 34). After receiving notice of the Motion (*see* doc. 35), potential claimants Adrenaline Charters, LLC and Edward Sims have elected to remain silent. The Motion, as to which no opposition has been filed, is now ripe.

**I.  Procedural History.**

Plaintiff, Fun Charters, Inc., filed its Complaint (doc. 1) against the Vessel SHADY LADY, U.S. Official Number 681969, her engines, etc., *in rem* (the "Vessel"), on June 9, 2014. Well-pleaded factual allegations of the Complaint reflect that the Vessel's owner, nonparty Adrenaline Charters, LLC, became indebted to Fun Charters in December 2012 pursuant to a Promissory Note secured by a First Preferred Ship Mortgage on the Vessel. The Complaint further alleged that Adrenaline defaulted on its indebtedness to Fun Charters, and that it also breached its obligations as to the Vessel pursuant to the Preferred Ship Mortgage. On the strength of these allegations, Fun Charters requested that the Vessel be condemned and sold in these proceedings to pay off the Note's unpaid balance (which totaled $129,195.20 in principal and interest as of the filing of the Complaint); plus an additional $25,762.66 in expenditures incurred by Fun Charters upon Adrenaline's failure to fulfill Vessel-related obligations under the Preferred Ship Mortgage; plus interest accruing at a *per diem* rate of $21.23; plus expenses and attorney's fees.

The Clerk's Office issued a Warrant for Arrest *in Rem* (doc. 7), after which the U.S. Marshals Service arrested the Vessel on June 12, 2014 and placed it in possession of a substitute custodian. (*See* doc. 11.) Actual notice of this action was given to Adrenaline and all lien claimants who had filed notices of lien; moreover, public notice was published in *The Press-Register*. (*See* doc. 16.) Neither Adrenaline nor any other claimant filed a verified statement of claim pursuant to Supplemental Rule C(6)(A), or otherwise took meaningful action to defend against Fun Charters' *in rem* claims against the Vessel. On September 16, 2014, the Court entered a Decree Ordering Sale of Vessel (doc. 24) providing for the sale of the Vessel at public auction by the U.S. Marshals Service. Such auction took place on October 22, 2014, with Fun Charters submitting the highest (and only) bid in the sum of $70,000. (*See* doc. 28.) Pursuant to the Order of Sale, Fun Charters was authorized to credit bid for the Vessel, up to a maximum amount of $184,631.50, without being required to deliver cash or earnest money to the Marshal.

On December 19, 2014, the undersigned entered an Order (doc. 31) granting plaintiff's Motion for Default and directing the Clerk of Court to enter a Clerk's Entry of Default against the Vessel pursuant to Rule 55(a), Fed.R.Civ.P., for failure to appear or otherwise defend. A copy of the December 19 Order was served on Adrenaline Charters, LLC; however, despite a full and fair opportunity, that entity has not come forward to oppose or object to these default proceedings against the Vessel. Accordingly, on January 30, 2015, Fun Charters filed its Motion for Default Judgment (doc. 34), seeking entry of default judgment against the Vessel in the amount of $188,954.48. Fun Charters furnished notice of its Motion to Adrenaline Charters, but that entity has neither appeared nor contested entry of default judgment against the Vessel in the specified amount.

**II.     Propriety of Entry of Default Judgment.**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, defendant and putative claimants have failed to appear or otherwise respond to a pending lawsuit for more than eight months, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[1] In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what has happened here. Despite service of process on the Vessel (and notice to all known claimants, including Adrenaline Charters) in June 2014, no claims were made and no entity or person stepped forward to defend against this action.

That said, a defendant's failure to appear and a Clerk's Entry of Default do not automatically entitle a plaintiff to a default judgment in the requested (or any) amount. After all, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d

---

[1] *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

The threshold question, then, is whether the Complaint states a viable claim for relief. The Court readily concludes that it does. After all, the well-pleaded factual allegations of the Complaint (which are deemed admitted pursuant to Rule 55) identify in extensive detail the subject Promissory Note, Adrenaline's default of same, plaintiff's security interest in the Vessel pursuant to the First Preferred Ship Mortgage, Adrenaline's breach of its obligations under said Preferred Ship Mortgage, and plaintiff's contractual right to recover against the Vessel, *in rem*, pursuant to the express terms of the Promissory Note and the Preferred Ship Mortgage.

Because the Complaint is sufficient to state a claim against the Vessel, the Court finds that entry of default judgment is appropriate pursuant to Rule 55, given the failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (which are now deemed admitted) to establish liability of the defendant Vessel to plaintiff.

**III.    Amount of Damages.**

Notwithstanding the propriety of default judgment, it remains incumbent on Fun Charters to prove damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v.*

*Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[2]

Fun Charters requests that the default judgment entered against the Vessel include the following elements of damages: (i) court costs and expenses of $3,953.80; (ii) unpaid principal debt and 5% interest on the note through August 10, 2014, totaling $130,787.45; (iii) plaintiff's advances for Vessel insurance, repairs, and the like, pursuant to the Preferred Ship Mortgage, in the amount of $25,762.26; and (iv) legal fees and costs through August 10, 2014, in the amount of $28,450.97.  Analysis of these claimed components of damages requires both examination of whether the subject agreements imposed a contractual obligation on Adrenaline (secured by the Preferred Ship Mortgage and hence recoverable against the Vessel) to pay same, and scrutiny of Fun Charters' proof that such damages were actually incurred.

---

[2] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default.  *Anheuser Busch*, 317 F.3d at 1266.  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").  Because the requisite "wealth of evidence" has been presented here, no damages hearing need be convened.

As an initial matter, the Preferred Ship Mortgage provides that "[a]ny advances and expenditures which Lender, in Lender's discretion, may make for repairs, insurance, payment of liens or other claims, defense of suit or for any purposes whatsoever related hereto, shall be repaid by Mortgagor on demand, with interest at the rate provided for in the note that this mortgage secures, and until so paid, shall be a debt due from Mortgagor to Lender secured by the lien hereof." (Doc. 1, Exh. B, at 8.) Plaintiff has adequately shown that it advanced the total sum of $25,762.26 for insurance, repairs and other owner-related obligations relating to the Vessel. (Fitzsimmons Aff. (doc. 17, Exh. A), ¶ 6.) Because these advances are recoverable against the Vessel under the applicable contract language, and because the record shows that such expenditures were actually made by Fun Charters, the default judgment properly should include the sum of **$25,762.26**, for Vessel-related advances for insurance, repairs and the like, all secured by the Preferred Ship Mortgage. That figure will also be subject to interest accrual at the rate specified in the Promissory Note.

Next, the Court finds that the principal and accrued interest charges claimed by Fun Charters are properly included as part of the default judgment award. Indeed, the First Extended and Amended Promissory Note and the First Supplement to First Preferred Ship Mortgage work hand in hand to establish an indebtedness (later assumed by Adrenaline) to Fun Charters for a principal amount of $142,792.09, as of December 3, 2012, plus "[i]nterest on the unpaid principal balance from time to time outstanding, at the rate of five percent (5%) per annum." (Doc. 1, Exh. C, at 1.) The First Supplement to First Preferred Ship Mortgage provided that the Vessel would secure this indebtedness, and reiterated both the principal amount owed and the 5% interest clause. (Doc. 1, Exh. D, at 2.) Plaintiff's evidence is that the unpaid principal and interest owed on the Amended Promissory Note (as well as the interest on the above-specified advances), calculated at 5% per annum through August 10, 2014, equals **$130,787.45**. (Fitzsimmons Aff., ¶ 6; doc. 34, ¶ 7.)[3] That sum will be included in the default judgment award.

Plaintiff also seeks recovery of certain expenses incurred in connection with the arrest and sale of the Vessel. As discussed *infra*, both the Mortgage and the Assumption Agreement

---

[3] The Fitzsimmons Affidavit includes interest calculations only through June 6, 2014, but accurately reflects a *per diem* accrual of $21.23 (which is 5% per annum on the $154,957.86 in total unpaid sums due under the Note and advances secured by the Mortgage).

provided that all costs of collection and enforcement were recoverable by Fun Charters. The collection costs claimed by Fun Charters include the $400 federal court filing fee, U.S. Marshals Service expenses and sale commission totaling $2,452.84, and newspaper advertising/publication fees of $1,100.96. Payment of the civil filing fee is a matter of record. (*See* doc. 1.) Likewise, the Marshals Service expenses are appropriately documented. (Doc. 34, Exh. A.) However, plaintiff has presented no information, evidence or exhibits to document the newspaper advertising fees; therefore, those expenses are disallowed for want of adequate substantiation. As such, the default judgment award will include the sum of **$2,852.84** for court filing fee and U.S. Marshals' expenses incurred by Fun Charters in enforcing its rights under the Preferred Ship Mortgage vis a vis the Vessel.

Finally, plaintiff asks that the default judgment award include damages for legal fees and costs of enforcing the Mortgage. There is ample contractual support for that argument. After all, the Preferred Ship Mortgage expressly provided that "Mortgagor agrees to pay all costs of collecting, or attempting to collect, the indebtedness secured by this mortgage, including a reasonable attorney's fee." (Doc. 1, Exh. B, at 7.) Likewise, in an Assumption Agreement entered into between Adrenaline and Fun Charters in December 2012, Adrenaline assumed responsibility for the Promissory Note and the Preferred Ship Mortgage, both as amended and supplemented, and agreed that all such terms and provisions were binding on it. As part and parcel of that Assumption Agreement, Adrenaline expressly agreed that "if this Agreement is placed in the hands of an attorney for the purpose of enforcing the same," then Adrenaline would "pay all costs of collecting or enforcing this Agreement, including a reasonable attorney's fee." (Doc. 1, Exh. E, at 3.) It is thus appropriate to make allowance for reasonable attorney's fees and costs in the default judgment.

Billing summaries filed by plaintiff reflect that Fun Charters was billed $27,197.50 in legal fees and $1,253.47 in unspecified "expense advances." (Fitzsimmons Aff., at Exh. A.) Although it would have been vastly preferable (and is typically required) for plaintiff to submit itemized invoices to prove up those fees, the Court is satisfied on this record of the reasonableness of the attorney's fees incurred by Fun Charters in enforcing the Preferred Ship Mortgage in this case, as well as related bankruptcy proceedings in which Adrenaline's owner, Eddie Sims, unsuccessfully attempted to bring the Vessel within the ambit of Chapter 13 protection. (*See* Sharp Aff. (doc. 17, Exh. B).) The default judgment award will, therefore,

include **$27,197.50** in attorney's fees.  The request for expenses advanced by counsel in the amount of $1,253.47 is disallowed.  The record contains no information as to what those costs and expenses might be, much less whether they were reasonably incurred.  More importantly, the Court cannot discern on the facts and exhibits provided whether the legal costs figure touted by Fun Charters double-counts expenses already awarded for filing fee and U.S. Marshals' expenses (*i.e.*, the $2,852.84 sum referenced *supra*).  Plaintiff has not satisfied its burden as to this element of damages.

In short, then, plaintiff is entitled to a damages award against defendant in the total amount of $186,600.05, consisting of $25,762.26 for advances for Vessel-related insurance, repairs and so on; $130,787.45 in due and owing principal and interest under the promissory note secured by the Mortgage; $2,852.84 for court-related costs and expenses; and $27,197.50 for reasonable attorney's fees incurred by Fun Charters in enforcing the Note and Preferred Ship Mortgage.

**IV.  Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Motion for Default Judgment (doc. 34) is **granted in part,** and **denied in part**;
2. A default judgment will be entered in favor of plaintiff, Fun Charters, Inc., and against defendant, the Vessel SHADY LADY, Official No. 681969, her engines, etc., *in rem*, upon plaintiff's claim on the First Preferred Ship Mortgage held by plaintiff on the Vessel in the amount of **$186,600.05**, all being secured by said Mortgage; and
3. Inasmuch as this Order and the accompanying Default Judgment fully and finally adjudicate all claims and issues joined in this action, the Clerk of Court is directed to close this civil case file for statistical and administrative purposes.

DONE and ORDERED this 25th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE